RUSSELL v. RUSSELL. (No. 2517.) (Court of Civil Appeals of Texas. Texarkana. March 2, 1922.) Appeal from District Court, Hopkins County; Geo. B. Hall, Judge. Suit by Mrs. Kate Russell against R. F. Russell for divorce. Decree for complainant, and defendant appeals. Reversed and remanded. Connor & Ramey, of Sulphur Springs, for appellant. Grover Sellers, of Sulphur Springs, and Sam. D. Stinson, of Greenville, for appellee.

LEVY, J. The action is for divorce, brought by appellee against her husband on the grounds of cruel treatment and outrages of such a nature as to render their living together insupportable. The appellant denied the allegations. The petition also sought a division and adjustment of the estate of the parties. The court, after hearing the evidence, granted a decree of divorce and of division and adjustment of the estate. The appeal is to revise the action of the court, both in granting the divorce and respecting the division and adjustment of the estate. The court did not err, we think, in the decree pertaining to the property rights of the parties, and the same should be affirmed, but for the fact that the decree of divorce cannot be, we conclude, legally sustained in the record. We will not undertake to set out the evidence pertaining to the grounds of divorce, as it would serve no useful purpose to do so. The evidence is conflicting concerning the acts of cruel treatment and outrages alleged. According to appellee's version of the case, the appellant had struck and mistreated her and had made improper accusations; but the uncontroverted evidence is that appellant made ample apologies, and the parties adjusted these troubles, and thereafter continued to live together as husband and wife until February, 1921. The trial court finds: "That after these incidents and many others shown by the testimony had occurred plaintiff and defendant continued to live together as husband and wife, and it appears that plaintiff, at least to some extent, condoned these things." But the court further finds that at the time of the next and last separation, in February, 1921, "other differences arose between them which would naturally arouse the feelings of plaintiff, and were such as to bring back afresh to the mind of plaintiff the treatment she had apparently condoned, and were such as 'to cause her to consider such matters anew as though they had not been condoned." These "other differences" were not such, we think, as to take the case out of the legal rule of condonation applicable to cruel treatment as a ground of divorce as laid down in the several cases cited in the briefs. Therefore we conclude that the evidence does not legally justify the decree of divorce. The judgment of the court below is reversed, and the cause remanded.

STATE v. MEYERS. (No. 3122.) (Springfield Court of Appeals. Missouri. March 11, 1922.) Appeal from Circuit Court, Oregon County; E. P. Dorris, Judge. Annie C. Meyers was convicted of a misdemeanor in keeping a bawdyhouse, and she appeals. Affirmed. W. N. Evans, of West Plains, for appellant. J. D. Brooks, Pros. Atty., of Alton, for the State.

PER CURIAM. This appeal is here on the record only, which consists of the information charging this defendant and another with keeping a bawdyhouse under the misdemeanor section of the statute, the verdict of conviction of this defendant, and the judgment thereon. These are all regular on their face, and, there being no error apparent, the judgment is affirmed.

END OF CASES IN VOL. 238

*